

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Ikey T. Brady<br>6052 Myrick Road<br>Dublin, Ohio 43016 | : <br> : <br> : <br> : | CIVIL ACTION NO. |
| PLAINTIFF | : <br> : | JUDGE **2:12 cv 419**<br>JUDGE MARBLEY |
| V. | : <br> : | **COMPLAINT**<br>(Unlawful Debt Collection Practices) |
| First Select Corporation<br>PO Box 9104<br>Pleasanton, CA 94588 | : <br> : <br> : <br> : | MAGISTRATE JUDGE ABEL |
| and | : | |
| Credigy Receivables Inc<br>c/o National Service Information, Inc.<br>145 Baker Street<br>Marion, Ohio 43302 | : <br> : <br> : <br> : | **DEMAND FOR JURY TRIAL** |
| and | : | |
| Weltman, Weinberg & Reis Co., LPA<br>175 South Third Street, Ste 900<br>Columbus, Ohio 43215-5134 | : <br> : <br> : | |
| and | : | |
| Levy & Associates, LLC<br>4645 Executive Drive | : <br> : | |

1

Columbus, Ohio 43320 :
:
    DEFENDANTS :

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* (hereinafter "FDCPA") and the Ohio Consumer Sales Practices Act O.R.C. § 1345.01 *et. seq* (hereinafter, "OCSPA"), a portion of which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Plaintiff resides here, the Defendant transacted business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff, Ikey T. Brady is an individual residing at 6052 Myrick Drive, Dublin, Ohio 43016.
4. Defendant First Select Corporation (hereinafter "Select"), is a California Corporation engaged in the business of collecting debts in this state and other states with its principal place of business located in Pleasanton, California. The principal purpose of Defendant's business is the collection of debts alleged to be due another by use of telephone and the mails.
5. Defendant Credigy Receivables Inc (hereinafter "Credigy"), is a Nevada Corporation registered as a foreign corporation doing business in Ohio.
6. Defendant Weltman, Weinberg & Reis Co., LPA (hereinafter "Weltman") is a Professional Corporation with a principal place of business in Columbus, Ohio.
7. Defendant Levy & Associates, LLC (hereinafter "Levy") is an Ohio Limited Liability Company with its principal place of Business in Columbus, Ohio.
8. Defendant's are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).
9. Defendant's are "suppliers" as defined by the OCSPA, O.R.C. 1345.01(C)

2

## IV. FACTUAL ALLEGATIONS

10. Commencing in 1993, and continuing to this date, Plaintiff has maintained an address in the greater Columbus area.
11. On or before December 7, 1999, Defendant Select filed a lawsuit in the Municipal Court of Coshocton County, Ohio to collect on an obligation purportedly owed by Plaintiff to Defendant as the result of an assignment of the debt from Wells Fargo.
12. To the best of Plaintiff's knowledge and belief, as of the time of that lawsuit he had only had one debtor/creditor relationship with Wells Fargo.
13. Plaintiff's application for credit with Wells Fargo was prepared with a Columbus address.
14. Regular billings on the Wells Fargo account were sent to Plaintiff's Columbus address until they stopped sending invoices.
15. In 1998, after being laid off by his employer, Plaintiff contacted Wells Fargo and advised them of his temporary inability to pay. Wells Fargo acknowledged receipt of this notification.
16. To the best of Plaintiff's knowledge and belief, Wells Fargo made no further effort to contact Plaintiff in respect to his debt prior assigning the account to Defendant Select and Defendant Select initiating its lawsuit on December 7, 1999.
17. Defendant Select's and Defendant Weltman's records at the time of filing the 1999 lawsuit reflected that Plaintiff resided in Columbus, Ohio.
18. After moving to Columbus in 1993, Plaintiff never maintained an address on Otsego Ave, the address used in the 1999 Complaint.
19. Defendant filed the lawsuit in a distant forum known to be inappropriate and unduly burdensome for Plaintiff.
20. According to the Docket for the Coshocton County Municipal Court, service of the 1999 Complaint was signed by "Sarah Brady."
21. Sarah Brady was not an authorized agent for service for Plaintiff.
22. Defendant Select moved the court for and was granted judgement by default on or before February 15, 2000. and a certificate of said judgement was issued on March 31, 2000.
23. Plaintiff received no communication from Defendants on this obligation until January, 2012 when he was served with a Motion to Revive the dormant judgment.
24. No communications from Defendants Credigy or Levy contained the requisite notice of verification rights.

V.  **FIRST CLAIM FOR RELIEF (Violations of Fair Debt Collection Practices Act)**

25. Plaintiff repeats, re-alleges and incorporates by reference the preceding paragraphs.
26. Defendants violated the FDCPA. Defendants violations include, but are not limited to, the following:
    (i) Filing suit against Plaintiff in a distant forum.
    (ii) Failing to provide written notice of rights pursuant to 15 U.S.C. §1692g(a)
27. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgement that Defendants conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney's fees.

VI. **SECOND CLAIM FOR RELIEF (Violations of the Ohio Consumer Sales Practices Act O.R.C. 1345.01 *et. seq.*)**

28. Plaintiff repeats, re-alleges and incorporates by reference the preceeding paragraphs.
29. Defendants violated the OCSPA, O.R.C. 1345.01 *et. seq.* Defendants violations of the act include, but are not limited to the following:
    (i) Filing suit against Plaintiff in a distant forum.
    (ii) Failing to provide written notice of rights pursuant to 15 U.S.C. §1692g(a)
30. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.
31. Defendant's acts as described above are of the nature that have been determined to be a violation of the OCSPA by courts of this state and decisions memorializing this determination have been made available for public inspection under O.R.C. 1345.05(A)(3).
32. As a result of the above violations of the OCSPA, O.R.C. §1345.01 *et. seq*, the Defendants are liable to the Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorney fees and costs.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that defendant's conduct violated the FDCPA, and declaratory and injunctive relief for the defendant's violations of the Ohio Consumer Sales Practices Act O.R.C. §1345.01 *et. seq.*
B. Actual Damages
C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Statutory damages pursuant to O.R.C. 1345.01
E. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k and O.R.C. § 1345.09(F)(2).
F. Such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Gregory S. DuPont
Gregory S. DuPont (#0059351)
Gregory S. DuPont Attorney at Law, Ltd.
655 Metro Place South, Ste 600
Dublin, OH 43017
614.408.0529 Phone
866.465.1924 Facsimile
greg@gsdupont.com
    Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Respectfully submitted,

/s/ Gregory S. DuPont
Gregory S. DuPont (#0059351)
Gregory S. DuPont Attorney at Law, Ltd.
    Attorney for Plaintiff